IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MTISHA JACKSON                                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:15cv143-CWR-FKB

McDONALD DISTRIBUTION                                                    DEFENDANT

REPORT AND RECOMMENDATION

This *pro se* case is before the Court *sua sponte* for consideration of dismissal.  Plaintiff

Mtisha Jackson filed her complaint [1] on February 27, 2015.  The Court granted Plaintiff's

motion for leave to proceed *in forma pauperis* ("IFP") [2].  Having liberally construed the

complaint, the undersigned recommends that this case be dismissed without prejudice.

Plaintiff appears to be a resident of Mississippi.  Other than Plaintiff's statement that

Defendant is "out of town," the location of Defendant McDonald Distribution is unknown. [1].

Plaintiff has sued Defendant claiming civil rights violations regarding a McDonald's Monopoly

game.  Civil Cover Sheet [1-1].

A court must "dismiss [an IFP] case at any time if the court determines that . . . the action

. . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B).  Under the IFP statute, "[a] claim may be dismissed for failure to state a claim

upon which relief can be granted, if, assuming all well-pleaded facts are true, the plaintiff has not

stated enough facts to state a claim to relief that is plausible on its face."  *Jones v. McDuffie*, 539

F. App'x 435, 435 (5th Cir. 2013)(per curiam)(internal quotation marks omitted).[1]

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556).

The Court has permitted Jackson to proceed IFP in this action, and her Complaint is subject to *sua sponte* dismissal under § 1915.  Jackson alleges in her one-page Complaint that she possessed several game pieces from a McDonald's Monopoly game, that some of the game pieces are now missing, and that she has given this information to an employee of McDonald Distribution. [1].  In subsequent Letters [3, 4, 5] contained in the case file, she alleges that certain relatives stole some game pieces, and that these events transpired in either 2013 or 2014.

After reviewing the Complaint, the Court is unable to determine the factual circumstances giving rise to Jackson's claim, the legal basis for her claim, the type of relief she is seeking, or even whether the Court has jurisdiction.  As a result, the undersigned Magistrate Judge recommends that this action be dismissed *sua sponte* for failing to state a claim.

Because the Court has not considered the merits of Plaintiff's claims and there have been no substantive proceedings on the claims in this Court, the undersigned recommends that this action be dismissed without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F.

---

[1]Although § 1915(e)(2)(B) is often applied to *pro se* prisoners, it also applies to non-prisoners.  *See Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

App'x 265, 267 (5th Cir. 2006)(per curiam).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of June, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

3